\* WILLIAM A. GILBERT v. GEORGE GILBERT AND E. C. POPE.

LIABILITY OF SURETY ON GUARDIAN'S BOND.

In a proceeding by a ward against his former guardian for an accounting after a lapse of twenty years, during which time the guardian has removed out of the court's jurisdiction but was served with a citation or notice to appear, and failing to appear, judgment was rendered against him, to which proceedings the surety on the guardian's bond had no notice or knowledge. *Held*, that the settling of the guardian's account was not conclusive as to the surety and such judgment is without any binding effect or force as against the surety on the bond.

HALE, J

The case of *William A. Gilbert* v. *E. C. Pope*, submitted on a petition in error.

The defendant in error, Pope, obtained a judgment in his favor, against the plaintiff in error, in the court of common pleas, which the latter seeks to reverse.

The case has been most thoroughly prepared, and has received the best attention that the court could give it. It presents some hardships, perhaps, whichever way it shall be decided; and we shall as briefly as may be, announce the conclusions which we have reached. I have not time, and shall not attempt to review the authorities cited.

The essential facts are these: George Gilbert, on the 8th day of June, 1874, was, by the probate court of Cuyahoga county, appointed guardian of his son, William A. Guilbert, then a minor. On the same day, the guardian commenced proceedings in the probate court to obtain an order authorizing him to sell certain real estate to which the ward held the legal title. The sale was ordered, appraisal sale made and approved on the same day, all on the 12th day of June, four days after his appointment. The guardian received for the sale made the sum of eight thousand ($8,000.00) dollars. By order of the court at the time the sale was ordered, the guardian was required to give an additional bond to that which he had given on his appointment, in the sum of twelve thousand ($12,000.00) dollars. This bond he gave with the defendant Pope as surety. William became twenty-one years of age on the 12th day of June, 1875, but continued to reside in his father's family until some time in 1876, when the father abandoned his home in this county, and removed

---

*This case, on the question of jurisdiction, is distinguished in Netting v. Strickland, 9 Circ. Dec., 841, in which it is held that probate court does not lose jurisdiction by removal of guardian from the state and that service may be made upon foreign administration by publication.

to the state of Illinois, where he has ever since resided. The guardian filed no account with the probate court. On the 28th day of August, 1893, eighteen years after William became of age, he filed a complaint against his former guardian, it is said, to compel an accounting by his guardian in the probate court. The court thereupon issued a citation or notice to George Gilbert. That citation required Gilbert to appear in the probate court on the 14th day of September, 1893, to answer to the complaint of William A. Gilbert 'or failing to file his final account as such guardian, and make such distribution of the balance in his hands. "And said George Gilbert is hereby ordered to show cause, if any, why said complaint should not be hear and the prayer thereof granted." On the back of that citation is an affidavit showing that a copy thereof was served upon Gilbert personally in the city of Chicago. No other, or further notice was served either upon George Gilbert, the principal in the bond, or Pope, the surety. In fact, the surety had no knowledge whatever of the proceedings in the probate court, although a resident of this county. There was no appearance in the probate court at that hearing of either Gilbert or Pope. On the 14th day of September, the day named in the notice for the hearing of said complaint, the probate court entered judgment against the former guardian for the sum of $8,000 and interest from the 12th day of June, 1874. The court found the facts substantially as I have stated—the sale of the land and the receipt of the money by the guardian, the fact that he was a nonresident, and then entered and ended the judgment as follows: "It is therefore considered by the court that said guardian is indebted to his said ward in the sum of $8,000 with interest thereon from the 12th day of June, 1874; and said guardian is ordered to pay forthwith said sum with interest, to said William A. Guilbert, for which, together with the costs to be taxed, execution is awarded." An execution was issued as authorized by this judgment, against George Gilbert, who, as the judgment shows, was a nonresident of this state, and returned wholly unsatisfied. Thereupon an action upon the bond was instituted in the court of common pleas against Gilbert the principal and Pope the surety, to recover the amount of the penalty in the bond, being less than the amount found due from the former guardian to his ward. After the usual number of motions and demurrers had been interposed, and after an answer had been filed, an amended petition was filed upon which the case was finally tried. To this petition the defendant Pope interposed an answer in which he states seven separate defenses.

The first defense makes certain admissions and denies all other allegations of the petition. The second defense relates to the jurisdiction of the court to render the judgment. The third defense is one of payment. The fourth defense presents the statute of limitations, claiming that the action was barred. The fifth defense sets up the fact of laches on the part of plaintiff in bringing this action. The sixth defense charges that the land was not in fact the property of the ward at all, but that the title was held in the bey's name for the benefit of his father. And the seventh sets up the fact of bankruptcy—that Pope was discharged in bankruptcy in the year. of 1876, and therefore released from the payment of this claim.

A demurrer was interposed to each defense of that answer, and sustained as to three of the defenses, the second, fourth and seventh, and a reply was filed to the other four.

The cause came on for trial before the court and jury. The trial court ruled that the probate court had no jurisdiction to render the

judgment of September 14, 1893; excluded all evidence tending to establish that judgment, and 'as there was no other evidence offered by the plaintiff, directed a verdict for the defendant, to which the plaintiff excepted. Exceptions were also noted by the plaintiff to the overruling of a motion for a new trial.

The evidence offered was not a record of the entire proceedings in the probate court. It consisted of the citation that I have quoted, and of certain docket entries which is denominated Docket D, probate court, page 131, as follows:

"June 8, 1874, George Gilbert, guardian for William A. Gilbert, age twenty years. Bond, $500.00. J. M. Richards and E. M. Brown, sureties. Bond filed and letters issued, 42. April 23, 1883, citation to file account issued. April 30, 1883, citation returned not served. August 28, 1893, complaint by former ward filed, set for hearing September 14, 1893, at 10 A. M., and citation ordered, etc., Journal 41–44. Citation issued." The complaint itself was not produced, and it does not appear from this record what it was other than appeared from the journal entry and these brief docket entries. Upon this evidence the plaintiff rested his case.

The plaintiff contends that that judgment is a final and conclusive determination of the account due William Gilbert from his father and former guardian, and by that judgment both the principal and surety who signed the bond are bound; while the defendant asserts that such adjudication was and is absolutely void.

The determination of this question in favor of either party determines the case. The other questions are of comparatively small importance, for if that judgment was conclusive upon the surety, logically I do not see why that does not end the case. All the defenses sought to be made here, should have been plead when the judgment was taken. If it was not conclusive, but absolutely void, the judgment of the court of common pleas was right; because there was no evidence other than that offered to sustain that judgment, and if that judgment was void, then the judgment of the court of common pleas is correct.

As I have said, at the time the judgment was rendered, Gilbert was a non-resident of the state. Had the probate court jurisdiction to render that judgment? This question must be solved by an examination of the statutes of the state upon which the validity of that adjudication depends. There was an attempted service of process upon the guardian, the former guardian, proceeding upon the supposition that notice of some kind to the guardian was necessary in order to give the court jurisdiction to render the judgment that was rendered. But so far as we are able to find, there is no provision made by the statutes of our state, for the service of process in this proceeding upon a former guardian, in a foreign state in which he resides. There is no express provision of the statute authorizing such a service. It is said that section 6406 of the Revised Statutes is sufficient to sustain the service of this citation. That section provides that, "When notice of any proceedings in a probate court shall be required by law, or be deemed necessary by the probate judge, and the manner of giving the same shall not be directed by statute, the probate judge shall order notice of such proceeding to be given to all persons interested therein, in such manner and for such length of time as he shall deem reasonable.

We are of the opinion that this statute was not intended to provide a means of serving process upon a non-resident, but has effect only within the jurisdiction of the court.

Gilbert v. Gilbert and Pope.

The record discloses no order of the probate court providing the manner and the length of time for which notice should be served. Notice was served apparently as if no order was required.

Again, it is said that sections 5048 and 5052 Revised Statutes are broad enough to authorize the service that was made in this case.

We think there was no attempt on the part of the plaintiff to procure service under those sections. Nor are we convinced that they are applicable to this kind of proceeding. The general rule, of course, is that process served beyond the limits of the state in which the court is located, is without any effect, certainly unless authorized by some statute of the state.

In this case the process was without authority, and wholly void as we think. No jurisdiction therefore was obtained by virtue of the process served on the defendant, Gilbert in Chicago. And if some process was necessary, then the court was without jurisdiction.

It is further said in support of this judgment, that the proceedings in the probate court, of September, 1896, were in the nature of proceedings in *rem*, and no notice on the person was necessary.

We are aware that it is sometimes said, that proceedings to settle an account between the administrator and the estate, is of the nature of a proceeding in *rem*, to some extent. The argument by counsel for plaintiff in brief is, that the bond was within the jurisdiction of the court; that it was the thing sought to be reached, and to reach it was an action in *cm* The bond could only be enforced against the surety certainly by a personal action. And it would seem that any judgment by which he could be concluded, was as to him an action in *personam*. The bond is a contract; and fixes and measures the liability of the surety to the ward. We cannot assent to the proposition that because the bond was within the jurisdiction of the court, the settling of that account was conclusive as to the surety upon the bond, without notice.

Again, it is said that by the appointment of the guardian, the court acquired jurisdiction to compel this accounting and render the judgment which was awarded by the probate court, and that no notice whatever was necessary. The jurisdiction was acquired in the appointment of the guardian. This question is not without difficulty. We are aware that the district court of Hamilton county, in a case in some respects like the one now under consideration, reported in the Twelfth Weekly Law Bulletin, page 197, sustained the jurisdiction of the probate court. In that case, however, the proceedings were commenced promptly in the probate court, and prosecuted without delay. In the case under consideration, the facts are entirely different. The guardian, after his ward became of age, remained in the state for a year or more. Whether he appropriated the property of his ward to his own use before or after he left the state, is not disclosed in the record. The ward made no move to compel an accounting during the year his father remained within the jurisdiction of the court, nor for more than seventeen years after he became a nonresident of the state. The claim insisted on here is that under these circumstances the probate court obtained jurisdiction to render the judgment and award an execution.

We think such a rule would be grossly unjust, and should not prevail. Reason and common justice require that after this long length of time, and such laches on the part of the ward, some legal notice should be given the former guardian before an accounting could be legally made between him and his ward. It will be observed that the surety alone de-

fends the action brought upon the bond. He seeks to defend against an action brought upon his contract, and is met with the objection that in a proceeding had in the probate court, without notice either to the former guardian or to himself, and nearly twenty years after that contract was made, an accounting was had between the guardian and the ward, conclusive against him, and against which no defense can be made. Judgment is sought on the bond against him, based solely upon that judgment of accounting made in the probate court. If for the reason now under discussion, the probate court had at any time jurisdiction to compel this accounting without notice to the former guardian, who had become a non-resident of the state, certainly it seems to us that a time must come when such jurisdiction would be lost.

We are therefore of the opinion that under the circumstances of this case, the jurisdiction of the probate court cannot be sustained under this claim.

Without extending this discussion, we hold that the judgment rendered in the probate court, relied on as a basis of this action, is without any binding effect or force whatever as against the surety in the bond. Upon the proof offered upon the trial, no other judgment could properly have been rendered than the one that was rendered.

It may be said that this leaves the ward without any remedy whatever. That proposition is not well taken. While in this state, as a foundation for an action upon a bond, an accounting in the probate court ordinarily is first to take place to ascertain the amount due the ward, still if for any reason the probate court loses jurisdiction of the guardian to compel an accounting, an action in equity may be maintained upon the bond without that accounting. Such has been, at least, the expression of our supreme court, in a case, it is true, where it was not directly involved. But a case to which our attention has been called recently decided in the state of New York, in the supreme court, the appellate division, an action was sustained upon an executor's bond, given in the state of New York, where the property came into the hands of the executor, who removed to the state of New Jersey, and there squandered the estate, or in some way disposed of it. An action was instituted upon the bond in the state of New York, and the defense made that no accounting had been had, and therefore no action upon the bond could be maintained, but the court held: "The non-residence of the executor gave to a court of equity jurisdiction upon the bond without the accounting."

We do not mean to say that at this late day an accounting upon this bond in equity can be had. An attempt to institute and enforce that right would be met by a plea of the lapse of time that had been allowed to pass, the effect of which we need not here pass upon. That action, if it could be maintained at all, could have been maintained many years ago. But the view we have taken results in the affirmance of this judgment.

It might be suggested that the judgment goes beyond the power of the probate court; that is, conceding that the probate court may compel an accounting in a case of this kind, it may well be suggested that was not what the probate court did. That court found that there had been no accounting, that the guardian was in default, and thereupon found the amount due the ward and rendered a personal judgment for that

amount against the guardian. But possibly that would be not a void. but an erroneous judgment, and not subject to a collateral attack.

But we have concluded to affirm this judgment.

*Winch & Wolcott*, counsel for plaintiff in error.

*Webster, Angell & Cook*, for Defendant E. C. Pope.